IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ABRAHAM ADKINS,

        Petitioner,

vs.

        Case No. 07-3211-JTM

STEPHEN N. SIX, Attorney General for the State of Kansas,

        Respondent.

MEMORANDUM AND ORDER

Habeas corpus petitioner Abraham Adkins, seeks relief from the sentence of imprisonment imposed by the State of Kansas. Adkins is an inmate in custody of the Kansas Department of Corrections. He alleges that the jury instructions given by the trial court violated his federal Constitutional rights, that the state appellate court used an improper harmless error analysis, and that his trial counsel was ineffective in violation of the Sixth Amendment.

On June 6, 2001, Adkins was riding as a passenger in a car stopped for a traffic infraction. During the stop, the driver was removed from the vehicle, but Adkins remained inside, and refused police requests to get out of the car so they could search it. Eventually, when the police made Adkins stand up outside the car, they noticed on the seat where he had been sitting three bags which appeared to contain drugs. Later tests showed that one of the bags contained marijuana, and one contained cocaine.

On December 17, 2001, Adkins was convicted of one count of Possession of Cocaine, in violation of K.S.A. 65-4160(a), and one count of Possession of Marijuana, in violation of K.S.A. 65-4162(a). He had also been charged with an additional count of possessing untaxed cocaine, in violation of K.S.A. 79-5208. The conviction in Case No. 01-CR-961 was entered following a trial by jury. Adkins was sentenced to a concurrent sentence of 52 months on the cocaine charge, and 12 months on the marijuana charge.

Adkins appealed his conviction, arguing (1) the trial court erred in not giving a PIK Crim.3d 67.13-D "nonexclusive" possession instruction, (2) the trial court's general possession instruction was an unconstitutional violation of separation of powers, and (3) the evidence was insufficient as to both counts. The Kansas Court of Appeals rejected these arguments and affirmed Adkins's conviction on June 6, 2003. *State v. Adkins*, No. 88,562 (Kan.Ct.App. August 8, 2003). On September 23, 2003, the Kansas Supreme Court denied Adkins's petition for review.

Adkins sought collateral relief under K.S.A. 60-1507 by a petition filed March 15, 2004. He argued (1) that counsel was ineffective for not requesting the "nonexclusive" possession instruction, (2) that counsel was ineffective in not pursuing a defense of intoxication, and (3) that the trial court erred in defining possession in its instructions. The Wyandotte County District Court denied Adkins's motion on April 28, 2005. The Kansas Court of Appeals affirmed this decision on October 20, 2006, *Adkins v. State*, No. 95,425 (Kan.Ct.App. November 3, 2006), and the Kansas Supreme Court denied his petition for review on February 13, 2007.

The present action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which limits the court's power to grant habeas corpus in relief of a state conviction. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A petitioner must show that the state

decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or an "unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). This court must also presume that the fact findings of the state courts are correct, in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to" clearly established precedent if the state court either "applies a rule that contradicts the governing law" in a decision of the United States Supreme Court, or reaches a different result in a case with "a set of facts that are materially indistinguishable" from one of the decisions of the Court. *Williams*, 529 U.S. at 405-406. A decision is an "unreasonable application of" clearly established precedent only if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id*. at 407-408. Thus, this court must determine if the state court's decision was objectively unreasonable. *Id*. at 411.

Adkins first argues that the trial court should have given the "nonexclusive" possession instruction of PIK Crim. 3d 67.13-D, rather than a general instruction on possession. In his direct appeal, Adkins presented a similar argument, contending that the "nonexclusive" possession instruction should have been given pursuant to *State v. Hazley*, 28 Kan.App.2d 664, 19 P.3d 800 (2001). However, Adkins raised the argument solely in the context of a claim that the instruction violated state law, not that it represented a violation of any federal right.

Adkins is barred from raising as federal issue a complaint which is essentially a disagreement with a ruling on state law. Federal habeas relief is available only where the federal claim is "readily apparent," and is not "an isolated federal-law bloom in a garden thick with state-law references." *Casella v. Clemons*, 207 F.3d 18, 21 (1st Cir. 2000). Because Adkins restricted his previous attack

on the instructions to purely state law grounds, the federal claim was never presented to the state courts, and cannot be raised here for the first time.

Even if the court were to consider the merits of the issue, it would deny habeas relief. Since there was no objection to the instructions at trial, Adkins must demonstrate that his is the rare case which would support reversal of a criminal conviction based on a claim of an erroneous instruction submitted without objection. In this circumstance, for the instruction to be "so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether 'the instruction is undesirable erroneous, or even "universally condemned."'" *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (*quoting Cupp v. Naughten*, 414 U.S. 141, 146, 147 (1973)).

As this court has noted:

> A federal court does not grant habeas relief simply because an instruction deviated from a state's standard jury instruction; the issue is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). The court may not judge an instruction in artificial isolation, but must consider it in the context of the instructions as a whole. *Id.* at 72. The Supreme Court has defined the category of infractions that violate "fundamental fairness" very narrowly. *Id.* at 72-73.

*Showalter v. McKune*, No. 07-3205-KHV, 2008 WL 833517 (D. Kan. March 27, 2008).

Adkins's claim here does not rise to this high standard. The Kansas Court of Appeals determined that the possession instructions were consistent with Kansas law. *State v. Adkins*, No. 88,562 (Kan.Ct.App. June 6, 2003). Nothing in this decision was contrary to any precedent of the United States Supreme Court, or an unreasonable application of such precedent.

4

Adkins next alleges that the state court used a harmless error review. This does not seem to have occurred. Instead, the Kansas Court of Appeals stated in the direct appeal that there was no "real possibility" the instruction requested by Adkins would have led to a different result. *State v. Adkins*, No. 88,562 (Kan.Ct.App. June 6, 2003). The court had previously determined there was no error in refusing to give the requested instruction, applying a standard for clearly erroneous error. That is, the court did not apply a harmless error standard; it determined there was no error.

Adkins argues that his trial counsel was ineffective in not requesting the "nonexclusive" possession instruction. To show he is entitled to habeas relief, Adkins must show that the state courts' determination that trial counsel was not ineffective was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). The court presumes that "counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 690. He must show essentially that he was "denied a fair trial by the gross incompetence" of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

Here the Kansas Court of Appeals determined that counsel was not deficient because the instruction given was an accurate statement of the law, and because the alternative "nonexclusive" possession instruction had not been published at the time of Adkins's trial. According, counsel's failure to object to the instructions given was not ineffective in light of the existing law of Kansas. Moreover, such objection would not have altered the result in the case, since it would merely have been overruled by the trial court. As a result the state courts' determination that Adkin's attorney was not constitutionally deficient was not contrary to or an unreasonable application of federal law.

In addition to the underlying petition, Adkins has also moved (Dkt. No. 13) for reconsideration of the Order entered by Judge Crow on January 2, 2008, denying his earlier motion

for appointment of counsel (Dkt. No. 11). Further, Adkins has filed a motion which generally discusses his arguments, but which requests the setting of an evidentiary hearing on his claims.

With respect to the appointment of counsel, Judge Crow concluded: "Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991) (factors to be considered in deciding motion for appointment of counsel), the court finds the appointment of counsel in this matter is not warranted." *Id.* at 1. The court finds no basis for reconsideration based on Adkins's motion, which is merely a reiteration of arguments previously made to the court. The prior decision denying appointment of counsel was correct; the issues herein are not complex, and Adkins has effectively (if ultimately unsuccessfully) presented his arguments.

Nor is an evidentiary hearing warranted. Under the AEDPA, an evidentiary hearing is appropriate where the factual basis for a petitioner's claims could not have been discovered earlier with due diligence, or the petitioner demonstrates that no reasonable fact-finder could have found him guilty in the absence of constitutional error. 28 U.S.C. § 2254(e)(2)(A) & (B). Adkins has made no such showing, and his claims may be appropriately resolved by the present order.

IT IS ACCORDINGLY ORDERED this 27th day of August, 2008, that the petitioner Adkins's Petition for Writ of Habeas Corpus (Dkt. No. 1) is hereby denied, along with his Motion for Reconsideration (Dkt. No. 11) and his "Notice of Motion; Rule 78" (Dkt. No. 13).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE